STEPHEN MANKO, Appellant, *v.* CITY OF BUFFALO et al., Respondents.

Argued January 9, 1947; decided February 28, 1947.

**906**

*Thomas J. McKenna* and *W. J. Wetherbee* for appellant.
*Fred C. Maloney, Corporation Counsel* (*Bart J. Shanahan* of counsel), for respondents.

Judgment affirmed, without costs; no opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER and DYE, JJ. Taking no part: CONWAY, J. FULD, J., dissents in the following memorandum: Section 21 of the Civil Service Law, implementing the Constitution (N. Y. Const., art. V, § 6), commands preferences to war veterans in appointment and promotion. Under subdivision 7, denial of the required preference gives the veteran a cause of action for " damages ".

Words are flexible and take on meaning from the history and purpose of the legislation. (See *Towne* v. *Eisner,* 245 U. S. 418, 425, per HOLMES, J.) Regardless of its limited denotation in a different context and under different circumstances, here, in the light of constitutional and statutory mandate, it is my view

that the term " damages " encompasses counsel fees incurred by a veteran in a proceeding to secure the preference guaranteed him. (See *Stiles* v. *Municipal Council of City of Lowell*, 233 Mass. 174.) Confirmation for such construction is found in the circumstance that section 23 of the Civil Service Law entitles the nonveteran officer or employee wrongfully removed, not to " damages ", as specified in section 21, but to " compensation " lost to him.

The judgment should be reversed, with costs.