Paul J. Yesawich, Jr., J.
In April of 1972 the plaintiff, John H. Van Buskirk, a civil service employee of the OdessaMontour Falls ,Central -School District No. 1 of the Towns of Caroline and others, was terminated without a hearing by unanimous vote of the Board of Education. In an article 78 proceeding which was thereafter .commenced by the employee he successfully contended that he had been wrongfully discharged and the Board of Education was ordered to reinstate him with salary and benefits in accordance with section 77 of the Civil Service Law.
In the present action, the employee and his ¡wife seek to recover damages from defendants, the former and present members of the Board of Education in their individual capacities, claiming that defendants maliciously and intentionally terminated Mr. Van Buskirk’s employment without cause and without due process. Defendants maintain that the plaintiffs have failed to state a cause of action for a Board of Education is a corporate body which can only act as a unit and not as individuals *274 (Herman v. Board of Educ., 234 N. Y. 196) and therefore the defendants cannot be held personally liable (Bassett v. Fish, 75 N. Y. 303; Johnson v. Board of Educ., 210 App. Div. 723).
It is well settled that a public officer cannot be held responsible in a civil suit for a judicial or discretionary determination however erroneous or however malicious the motive which produced it but if the determination made was not of a discretionary character, but ministerial in nature only, then the public officer or officers may be held personally liable. (East Riv. Gas-Light Co. v. Donnelly, 93 N. Y. 557; Rottkamp v. Young, 21 A D 2d 373, affd. 15 N Y 2d 831; Frank v. Eaton, 225 App. Div. 149.)
While a decision to terminate may well be a discretionary one, a civil service employee has an absolute right to a hearing on charges upon being terminated (Civil Service Law, § 75). The granting of ¡such a hearing has been recognized as a ministerial act. (McGraw v. Gresser, 226 N. Y. 57.) Consequently the failure of the defendants to give the plaintiff employee a hearing in this instance was a ministerial act which exposed them to individual liability.
The theory ¡of the plaintiffs’ complaint is that the defendants acted tortiously when they discharged Mr. Van Buskirk without a hearing. However, not every intentional infliction of harm is actionable. There are instances where as a matter of public policy willfully inflicted harm must be disregarded. (Brandt v. Winchell, 3 N Y 2d 628.) Thus, even if the assertions in the complaint, that the defendants acted willfully and maliciously are accepted as true, since that action was taken by them in the discharge of their official duties, their claimed wrongful motives can be disregarded as a matter of public policy.
• Moreover, there .appears to be no authority in this State for the proposition that the willful failure to give a discharged civil servant a hearing constitutes .a tort which gives rise to an action for consequential or punitive damages. The employee’s remedies are those which are available to him ¡under the common law or under section 77 of the ¡Civil Service Law (People v. New York Cent. & Hudson Riv. R. R. Co., 74 N. Y. 302). Plaintiff employee elected to ¡seek relief under the Civil Service Law ¡and since it appears from his brief that in accordance with the provisions of that law he was reinstated as a mechanic and has already been ‘1 paid back salary and reimbursed for * * * fringe benefits ” he is entitled to no further relief. The complaint must therefore be dismissed.
Plaintiffs’ motion for a change of venue is denied as moot.