JOHN H. VAN BUSKIRK et al., Appellants, v. DELMAR F. BLEILER, SR., et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered April 11, 1974 in Schuyler County, which granted a motion by defendants for summary judgment dismissing the complaint and denied plaintiffs' motion for a change of venue. In April, 1972, John Van Buskirk, a civil service employee of the Odessa-Montour Central School District, was discharged without a hearing by unanimous vote of the Board of Education. Van Buskirk then initiated an article 78 proceeding which resulted in an order that the Board of Education reinstate Van Buskirk, with salary and benefits in accordance with section 77 of the Civil Service Law. The present action was instituted in March, 1973 by Van Buskirk and his wife against the former and present members of the Board of Education in their individual capacities. The plaintiffs claimed the defendants maliciously and intentionally discharged Van Buskirk causing mental distress and suffering to be sustained by both the Van Buskirks. The plaintiffs also claimed damages for expenses for legal fees incurred in prosecuting the article 78 proceeding and loss of business at their bar and restaurant due to adverse publicity. Special Term dismissed plaintiffs' complaint and the instant appeal ensued. The issues raised on this appeal are the personal liability of the individual defendants for any mental distress and suffering, legal expenses or loss of business suffered by the plaintiffs and whether the success in the prior article 78 proceeding precludes the plaintiffs from maintaining the instant action. Although failing to comply with section 75 of the Civil Service Law, the members of the board were acting in an official capacity when they terminated the plaintiff husband's employment. Thus, while there is no general civil immunity for members of the school board ·(*Smith* v. *Helbraun*, 38 Misc 2d 136, vacated on other grounds, 39 Misc 2d 341) where they are acting in their official capacity, they can not, as a matter of public policy, be held individually liable even if charged with malicious intent (see *Brandt* v. *Winchell*, 3 N Y 2d 628; *Smith* v. *Helbraun, supra*). Furthermore, plaintiff husband has already received all the relief he is entitled to under the common ·law and Civil Service Law for being wrongfully discharged (see *La Forge* v. *City of New York*, 36 *Misc* 2d 130, revd. on other grounds, 20 A D 2d 693, affd. 15 N Y 2d 500; *Adler* v. *Board of Educ. of City of N. Y.*, 33 Misc 2d 789, affd. 18 A D 2d 1053; see, also, *Manko* v. *City of*

*Buffalo*, 296 N. Y. 905). Therefore, in order to recover, plaintiff must state a cause of action grounded upon intentional infliction of mental distress or prima facie tort liability. However, "the malicious instigation of official action does not give rise to prima facie tort liability" (*Smith* v. *Helbraun, supra*, p. 143) or intentional infliction of mental distress in that, as noted, malicious intent is ignored as a matter of public policy (*Brandt* v. *Winchell, supra*). Accordingly, the complaint was properly dismissed. Order affirmed, without costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur. [77 Misc 2d 273.]