■ ALBERT LA BELLE et al., Respondents, v COUNTY OF ST. LAWRENCE et al., Appellants. (Action No. 1.) RANDY A. LA BELLE, an Infant, by ALBERT LA BELLE, His Parent, Respondent, v COUNTY OF ST. LAWRENCE et al., Appellants. (Action No. 2.) JODI LA BELLE, an Infant, by ALBERT LA BELLE, Her Parent, Respondent, v COUNTY OF ST. LAWRENCE et al., Appellants. (Action No. 3.) — Appeals from an order of the Supreme Court at Special Term (Crangle, J.), entered May 8, 1980 in St. Lawrence County, which denied defendants' motions to dismiss the complaints. These three actions all arise from the same incident. Albert and Joyce La Belle, plaintiffs in Action No. 1, left their home in Massena, New York, on June 19, 1978 for a vacation trip to Buffalo and nearby sites in Pennsylvania. Two of their children, Randy, age 14, and Jodi, age 13, were left in the care of their older sister Kim, age 18, who, although residing in an apartment of her own away from home, planned to spend evenings and nights at her parents' home caring for her younger brother and sister. In addition, family friends had been contacted to be available in a supervisory capacity should the need arise. On June 21, 1978, defendants James and John Beckstead, police officers in the employ of the defendant Village of Massena (village), were advised that Randy La Belle had shot another young person in the leg with a BB rifle. Their investigation disclosed the absence of Randy's parents from the home and since they could not locate other members of the family, they removed Randy to the local police station, concluding that Randy and Jodi were not adequately supervised. The St. Lawrence County Probation Department was then contacted. Following referral to the Child Abuse Center in Albany, a social worker from the St. Lawrence County Department of Social Services (department), defendant Sheila Hobbs, was dispatched to Massena, and after personal investigation and a telephone conversation with Albert La Belle, decided that Randy and Jodi should remain in a foster home overnight until the return of their parents the next day. Over parental objection, this procedure was followed, and the two children remained with the department until approximately 11:30 A.M. on June 22, 1978, when they were released to their parents. The defendants in each action are the County of St. Lawrence, its Department of Social Services and the commissioner thereof, Sheila Hobbs as an employee of the department, the Village of Massena, and the two police officers, individually and as agents of the village. The parents' complaint (Action No. 1) alleges in the first two causes of action claims for the intentional infliction of emotional distress by defendants. In the

third and fourth causes of action, the parents allege that the defendants violated their civil rights. Randy La Belle's complaint (Action No. 2) alleges in the first two causes of action claims for false arrest and false imprisonment. The third and fourth causes of action allege violation of his civil rights. Jodi La Belle's complaint (Action No. 3) parallels Randy's complaint. All three actions seek both compensatory and punitive damages, and, in the civil rights action, reasonable attorney's fees. At the outset, we note that since this is a motion at the pleading stage to dismiss the complaint for legal insufficiency, we must accept as true the allegations of fact in the complaint (*Rovello v Orofino Realty Co.*, 40 NY2d 633). However, when, as here, additional evidentiary material is submitted on the motion in the form of affidavits of the parties, the criterion is whether the proponents of the pleading have a cause of action, not whether one has been stated (*Guggenheimer v Ginzburg*, 43 NY2d 268). Examination of the complaint in Action No. 1, with these considerations in mind, leads to the conclusion that the causes of action by the parents for violation of their civil rights must fail (US Code, tit 42, § 1983). The right of a family to remain together is a constitutionally protected liberty interest which is protectable under section 1983 (*Duchesne v Sugarman*, 566 F2d 817 [sustaining such a cause of action under § 1983 for removing and failing to return children to their natural mother without a hearing]). However, in the instant case, there is no such interest to be protected. The children were returned to their parents as soon as the parents made themselves available to fulfill their parental responsibility. Initially, it was the parents' decision to separate themselves from their children. Whether the substituted supervision proved to be inadequate or not, the simple fact is that under the circumstances presented, the parents were not deprived of any right secured under the United States Constitution, and thus failed to make a claim cognizable under section 1983 (*Baker v McCollan*, 443 US 137). It is defendants' further contention that the section 1983 cause of action should be dismissed since all complaints fail to allege requisite affirmative facts of "deliberate and conscious indifference in pursuit of departmental policy or custom". In this regard, it is established that a local government may not be sued under 1983 for an injury inflicted solely by its agents or employees. Rather, there must be some direct, affirmative culpability on the part of the municipality (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 695). The above principle has no effect as to the employees, Hobbs and the Becksteads, who are alleged to have actually detained the children. Moreover, as the department and Commissioner Kitchin are alleged to have knowingly selected unqualified personnel, they, too, remain as defendants in the section 1983 cause of action. However, nowhere is it alleged that some affirmative policy or custom or other knowing act on the part of the village or the county has caused the alleged constitutional deprivation. Plaintiffs rather rely on the theory of *respondeat superior*, as to these larger municipal entities. Such reliance is misplaced since it is established that a municipality is not liable under section 1983 on a theory of *respondeat superior*. Accordingly, the allegations against the village and county must be dismissed (*Monell v New York City Dept. of Social Servs.*, 436 US 658, 691, *supra;* see, also, *Smith v County of Livingston*, 69 AD2d 993, 995). Defendants also assert that Special Term erred in refusing to dismiss on the ground that defendants are absolutely immune from section 1983 liability. In support of this argument, defendants cite both State and Federal statutes. First, defendants state that section 419 of the Social Services Law provides absolute immunity. However, this section expressly protects only those who act in good faith. In addition, the case of *Doe v County of Suffolk* (494 F Supp 179, 182) states that the immunity under section 419 of the Social Services

Law is a qualified good faith immunity only. Defendants also cite section 1024 of the Family Court Act, which is as well limited to good faith immunity. Defendants further assert that a Federal statute (US Code, tit 42, § 5103, subd [b]), which conditions Federal grants on the State's having an immunity statute in effect for those reporting child abuse, provides immunity for defendants. There is no support for the argument that this fiscal regulation provides any immunity. The cited statutes, therefore, do not support defendants' claims that they are entitled to absolute immunity. Furthermore, it should be noted that contrary to defendants' assertion, since the immunities are at best qualified immunities, plaintiffs did not have the burden to plead bad faith (*Gomez v Toledo,* 446 US 635). Next defendants assert that Special Term erred in refusing to dismiss plaintiffs' requests for punitive damages. As to the section 1983 causes of action, it is settled that punitive damages may be awarded in appropriate cases to deter the deprivation of constitutional rights (*Morrow v Igleburger,* 584 F2d 767, cert den 439 US 1118; see, also, *Carey v Piphus,* 435 US 247, 257, n 11). However, it is further established that while punitive damages may be awarded against individual officials in section 1983 actions, such damages may not be awarded against municipalities (*Newport v Fact Concerts,* 453 US 247). Thus, the claim for punitive damages under section 1983 against the department should be dismissed while such claims against the individual defendants should be allowed to remain. With respect to the State law claims contained in the various other causes of action, reckless and wanton misconduct may amount to a showing of actual malice, a prerequisite for the award of punitive damages (see *Soucy v Greyhound Corp.,* 27 AD2d 112). In this case, it is alleged that the individual defendants were acting within the scope of their employment as a social worker and police officers, and that they came upon an unattended minor who they believed, perhaps unfoundedly, had apparently been involved in an incident concerning a BB gun. It is the public policy of the State to protect children who have even the appearance of being mistreated (see Social Services Law, §§ 411-428). The instant pleadings clearly state that the subject conduct was pursuant to the individual defendants' official scope of employment. Accordingly, the request for punitive damages must fall for the inability to properly allege malice on these facts (see *Van Buskirk v Bleiler,* 46 AD2d 707). Moreover, the punitive damages claims against the municipalities must be dismissed under the authority of *Sharapata v Town of Islip* (82 AD2d 350). Further, defendants suggest that the causes of action for intentional infliction of emotional distress should be dismissed as a matter of law in light of this State's public policy. We agree. As a matter of policy, the requisite element of the tort of intentional infliction of emotional harm cannot arise from the alleged facts herein (*Van Buskirk v Bleiler,* 46 AD2d 707, *supra;* see, also, *Brandt v Winchell,* 3 NY2d 628, 634-635; *Smith v Helbraun,* 38 Misc 2d 136, 143). Accordingly, the first and second causes of action in Action No. 1 must be dismissed. We have examined the remaining assertions and find them unpersuasive. In summary, we conclude that the parents' action must fail in its entirety for reasons of public policy and lack of any cognizable deprivation of a constitutional right, and that the infant plaintiffs' section 1983 causes of action against the County of St. Lawrence and the Village of Massena fail to state a cause of action. We also conclude that plaintiffs' demands for punitive damages in the State causes of action in Action Nos. 2 and 3 must be dismissed. Finally, we conclude that plaintiffs' demands for punitive damages against the St. Lawrence County Department of Social Services in the fourth cause of action in Action Nos. 2 and 3 must be dismissed. Accordingly, the infant plaintiffs are left with causes of action for false arrest and false imprisonment

together with their section 1983 claims against the department and individual defendants. Further, the infant plaintiffs' claims for punitive damages remain against the individual defendants in the section 1983 causes of action only. Order modified, on the law, by reversing so much thereof as denied defendants' motions to dismiss (1) the complaint in Action No. 1; (2) the third and fourth causes of action in Action Nos. 2 and 3 as against defendants County of St. Lawrence and Village of Massena; (3) plaintiffs' demands for punitive damages in the first and second causes of action in Action Nos. 2 and 3; and (4) plaintiffs' demands for punitive damages against the St. Lawrence County Department of Social Services in the fourth cause of action in Action Nos. 2 and 3; and motions granted to this extent, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.