■ ELIAS DE LESLINE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 65496.) — Appeal from an order of the Court of Claims (Murray, J.), entered October 20, 1981, which dismiss the claim. Claimant seeks to recover for damages allegedly suffered when a photograph of claimant and other fellow inmates at the Great Meadow Correctional Facility was published in the *New York Times.* The photograph, which showed the inmates in a classroom setting during an examination, accompanied an article describing the Skidmore College "University Without Walls" program which provides Great Meadow

inmates, including claimant, continuing education. None of the inmates was identified by name in the photograph's caption. It is alleged that the State, through the prison superintendent, maliciously allowed this picture to be published without first obtaining claimant's consent, thereby inflicting severe emotional distress upon claimant. The superintendent's action is also said to have violated claimant's statutory and constitutional rights to privacy and to have caused him to endure cruel and unusual punishment. As no cognizable cause of action had been asserted, the Court of Claims dismissed the claim. We affirm. At the outset, we note that public policy prohibits a claim for intentional infliction of emotional distress from being brought against the State (*La Belle v County of St. Lawrence,* 85 AD2d 759). In this instance, even in the absence of this public policy, dismissal was appropriate. The claim and additional evidentiary material furnished, particularly the affidavit of the prison's deputy superintendent stating that he specifically informed the photographer of the prison regulation forbidding publication of an inmate's photograph without the latter's permission, make it clear that claimant's conclusory allegations of malice lack any factual basis (*La Belle v County of St. Lawrence, supra,* p 760). Nor is there substance to the charge that the prison authorities infringed upon claimant's right to privacy. The constitutional right encompasses only the "most personal and intimate matters" such as marriage, child bearing, and private sexual morality (*Crosby v State of New York Workers' Compensation Bd.,* 57 NY2d 305, 312). The photograph in question obviously falls outside this zone of protection. Moreover, because there is no common-law right to privacy in this State, any claim for invasion of privacy, absent extreme, physical invasion of privacy, must be based on sections 50 and 51 of the New York Civil Rights Law (*Wojtowicz v Delacorte Press,* 43 NY2d 858; *Meeropol v Nizer,* 560 F2d 1061, 1067, cert den 434. US 1013). Those sections proscribe use of a person's picture "for advertising purposes or for the purposes of trade" unless that person's written consent has first been obtained. Even if we accepted the dubious assertion that the State, rather than the *New York Times,* somehow "used" claimant's picture, it is clear that the photograph permissibly illustrated an article of general public interest and that it was in no way used by the State for trade or advertising purposes (see *Arrington v New York Times Co.,* 55 NY2d 433, 440). Claimant's cruel and unusual punishment argument is similarly entirely without foundation. Order affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.