■ GREGORY J. LLOYD et al., Appellants, v TOWN OF WHEATFIELD, Respondent. — Order affirmed, without costs. Memorandum: The complaint was properly dismissed. It is established law that a municipality enjoys absolute immunity from suit in tort for damages based on the erroneous denial of a building permit (*Rottkamp v Young,* 21 AD2d 373, 376, *affd* 15 NY2d 831; *see, Tango v Tulevech,* 61 NY2d 34, 40-41; *154 E. Park Ave. Corp. v City of Long Beach,* 52 NY2d 991, 993). This immunity is founded on public policy (*see, Matter of Filmways Communications v Douglas,* 106 AD2d 185; *Santangelo v State of New York,* 101 AD2d 20, 25-26; 2 Harper and James, Law of Torts § 29.10). Such policy-based immunity applies even though the issuance of a building permit may be compelled in a CPLR article 78 proceeding by a writ of mandamus (*see, Santangelo v State of New York, supra,* pp 25-26; 2 Harper and James, Law of Torts § 29.10, at 1638). In such a context, the policy questions giving rise to immunity from suit in tort do not exist.

All concur, except Doerr, J., who dissents and votes to reverse and reinstate the complaint in the following memorandum.

Doerr, J. (dissenting). I cannot agree that a per se rule of immunity exists in favor of a municipality for the erroneous denial of a building permit. On the facts of this case, I feel such a conclusion is flawed whether based upon public policy or any other reason.

While the majority has, perhaps by design, shunned any reference to the "discretionary-ministerial" dichotomy with reference to the nature of the acts of municipal officers in determining whether tort liability should attach, in my view, existing

law does not permit such avoidance. Indeed, the cases relied upon by my colleagues all involved findings by the court that the acts of the municipal employee upon which tort liability was sought to be predicated involved discretionary or quasi-judicial judgments of the officer (*see, Tango v Tulevech,* 61 NY2d 34; *154 E. Park Ave. Corp. v City of Long Beach,* 52 NY2d 991; *Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831; *Santangelo v State of New York,* 101 AD2d 20). On the record before us, it cannot seriously be argued that the building inspector's function involved anything more than a ministerial act. The zoning ordinance required a minimum building setback of 50 feet. Plaintiff applied for a building permit with a 150-foot setback. Nothing more than an arithmetic computation was required but, for reasons not explained in the record, the building inspector denied the application. "[W]hen official action involves the exercise of discretion, the officer is not liable for the injurious consequences of that action even if resulting from negligence or malice. Conversely, when the action is exclusively ministerial, the officer will be liable if it is otherwise tortious and not justifiable pursuant to statutory command" (*Tango v Tulevech, supra,* p 40).

The order should be reversed and the complaint reinstated. (Appeal from order of Supreme Court, Niagara County, Gossel, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.