■ Rose A. Brown, Respondent-Appellant, v State of New York et al., Appellants-Respondents.—Levine, J. Cross appeals from an order of the Court of Claims (Koreman, P. J.), entered September 26, 1985, which partially granted the State's motion to dismiss the claim.

Claimant, formerly supervisor of the Assembly Calendar Unit of the Legislative Bill Drafting Commission, filed the instant claim naming the State of New York and four individuals in their capacities as State employees as defendants, alleging, *inter alia,* causes of action under the State Human Rights Law (Executive Law § 296) and for intentional infliction of emotional distress. Specifically, claimant maintained that she had been subjected to verbal and sexual harassment by a co-worker, defendant Albert Morelli, that her supervisors failed to take any action after being informed of the situation, and that Morelli fired her in October 1983 in retaliation for her complaints about his conduct.

The State moved to dismiss the claim on the grounds that (1) claimant had not been terminated as alleged in her complaint and thus failed to state a cause of action under the Human Rights Law; (2) the Human Rights Law cause of action was barred under the Statute of Limitations and due to claimant's election of remedies by pursuing a complaint with the State Division of Human Rights (citing Executive Law § 297 [9]); and (3) public policy precludes the bringing of an action against the State for intentional infliction of emotional distress. The Court of Claims dismissed the claim against the four individual employees and the cause of action for intentional infliction of emotional distress and further held that neither the Statute of Limitations nor Executive Law § 297

(9), regarding election of remedies, barred claimant's Human Rights Law cause of action. These cross appeals ensued.

We are not persuaded by the State's contention that the evidence that claimant was in fact terminated was fatal to her cause of action under the Human Rights Law. The State maintains, and claimant admits, that she remained on the State payroll on leave at full pay from October 1983 through June 1984 and on leave at half pay from June 1984 through January 1985. Claimant contends, however, that even though she was never formally dismissed, Morelli's conduct in ordering her to clear out her desk and changing the locks in her office in October 1983 was tantamount to a dismissal. Claimant maintains that as a result she could not return to her position and was thereby required to use up valuable accrued leave benefits prior to being reassigned to the Bill Drafting Commission in 1985.

Morelli's conduct in refusing to allow claimant to return to work could be considered constructive termination (see, Matter of Imperial Diner v State Human Rights Appeal Bd., 52 NY2d 72, 77-79; Weiss v New York State Human Rights Appeal Bd., 102 AD2d 471, 473). Moreover, the Human Rights Law forbids not only discriminatory termination (see, Executive Law § 296 [7]), but also "discrimina[tion] * * * in terms, conditions or privileges of employment" (Executive Law § 296 [1] [a]). Claimant averred in her motion papers that she was subjected to continual verbal and sexual harassment until she was "locked out" by Morelli in October 1983. Although this allegation was not contained in the complaint, on a motion to dismiss for failure to state a cause of action where the parties have submitted evidentiary material, including affidavits, the pertinent issue is whether claimant has a cause of action, not whether one has been stated in the complaint (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275; La Belle v County of St. Lawrence, 85 AD2d 759, 760).

The State's assertion that claimant's cause of action under the Human Rights Law is barred by the Statute of Limitations is unavailing. The State maintains that claimant alleged only isolated instances of discrimination which occurred in 1982 and upon her alleged termination in October 1983. If claimant was not in fact terminated at that time, her filing of a notice of intention to file a claim against the State on January 9, 1984, based upon Morelli's conduct in 1982, would be untimely under the 90-day Statute of Limitations (see, Court of Claims Act § 10 [3]). However, as we have already noted, claimant's papers set out a continuous course of dis-

criminatory conduct on Morelli's part which ended only upon her alleged termination on October 11, 1983. Accordingly, the limitations period would have ended on January 11, 1984, two days after claimant filed her notice of intention to file a claim.

We are similarly unpersuaded by the State's contention that claimant's Human Rights Law claim is barred due to her election of remedies. Executive Law § 297 (9) provides that a victim of unlawful discrimination may bring suit in a State court. However, the State court action is barred if the victim elects an administrative remedy by filing a complaint with the State Division of Human Rights (hereinafter Division). In November 1983 claimant sent a letter to the Division detailing Morelli's conduct, "in order to bring formal charges", and requested that the Division investigate the matter. The State maintains that this letter constituted a complaint under Executive Law § 297 (9) even though it was not verified as required by the statute and departmental regulations (see, Executive Law § 297 [1]; 9 NYCRR 465.3 [b]). However, the Division did not consider claimant's letter to be a formal, operative complaint. It did not investigate the charges (see, Executive Law § 297 [2]), but, rather, sent claimant a letter informing her that she must file a verified complaint within one year of the alleged violation of the Human Rights Law. Claimant did not further respond but, rather, pursued actions in Federal and State courts. Under these circumstances, claimant did not elect an administrative remedy.

Claimant's only contention on appeal is that the Court of Claims erred in dismissing her cause of action against the State for intentional infliction of emotional distress. We disagree. The State may only be held liable in tort for Morelli's conduct by resort to the doctrine of respondeat superior (see, Ryan v State of New York, 56 NY2d 561, 562; Becker v City of New York, 2 NY2d 226, 235); i.e., claimant must establish that Morelli was acting in his official capacity, in the course of his employment, when he sexually and verbally harassed her in order to hold the State liable in any event (id.). However, under well-settled authority, where the act complained of constituted official conduct, public policy prohibits the maintenance of a suit against the State for intentional infliction of emotional distress (Wheeler v State of New York, 104 AD2d 496, 498; De Lesline v State of New York, 91 AD2d 785, 786; Van Buskirk v Bleiler, 46 AD2d 707).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.