◼ LISA LAUER, Appellant, v CITY OF NEW YORK et al., Respondents. [659 NYS2d 57] —In an action to recover damages for the intentional and negligent infliction of emotional distress, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Price, J.), entered April 26, 1996, which granted the defendants' motion to dismiss the complaint, and (2) a judgment of the same court, dated August 8, 1996, entered on the order, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff's three-year-old son was found dead on August 7, 1993. The death certificate, certified August 8, 1993, specified that the cause of death was "blunt injuries of neck and brain". However, a neuropathology report dated October 13, 1993, specified a "diagnosis" of "aneurysm due to dysplasia of branch of left posterior cerebral artery, ruptured, with secondary subarachnoid and intraventricular hemorrhage". The neuropathology report was prepared by the defendant Eddy Lilavois, a physician employed by the Office of the Chief Medical Examiner of the City of New York. Lilavois had also performed the autopsy and signed the initial death certificate.

A final autopsy report, prepared on or about March 9, 1995, specifies the cause of death as the "spontaneous rupture of aneurysm of left posterior cerebral artery". The autopsy report also specifies the manner of death as "Natural". An amended death certificate, specifying the cause of death as a "spontaneous rupture of aneurysm", was not prepared until April 27, 1995. The amended death certificate was signed by another physician "for Eddy Lilavois".

During the 18 months between the issuance of the initial and the amended death certificates, the plaintiff's husband was a suspect in a possible homicide of their child. Allegedly the

plaintiff cooperated with the New York City Police Department in their investigation of her husband. After learning of the amended findings as to the cause of death, she commenced this action, seeking damages for intentional infliction of emotional distress and negligent infliction of emotional distress. Named as defendants were the City of New York and Lilavois. The Supreme Court dismissed the complaint, concluding that personal jurisdiction had not been obtained over Lilavois and that, in any event, the complaint failed to state a cause of action. We affirm.

The Supreme Court properly concluded that the plaintiff's process server did not, as a matter of law, employ due diligence in attempting to personally serve Lilavois (*see, Pizzolo v Monaco*, 186 AD2d 727; *see also, Walker v Manning*, 209 AD2d 691; *Serrano v Pape*, 188 AD2d 647).

The complaint failed to state a cause of action for either intentional or negligent infliction of emotional distress. It is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity (*see, Wheeler v State of New York*, 104 AD2d 496, 498; *LaBelle v County of St. Lawrence*, 85 AD2d 759, 761; *Van Buskirk v Bleiler*, 46 AD2d 707; *see also, Adams v New York City Tr. Auth.*, 211 AD2d 285, 294, *affd* 88 NY2d 116). Moreover, none of the allegations in the complaint can serve as the basis for this cause of action. Specifically, the acts alleged in the complaint, including the failure to amend the death certificate in a timely fashion, are not so extreme, outrageous, utterly reprehensible, and intolerable in a civilized society so as to sustain a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co.*, 81 NY2d 115, 121-122; *Freihofer v Hearst Corp.*, 65 NY2d 135, 143-144). Nor can it be said that any acts alleged satisfy the scienter element of the tort (*see, Howell v New York Post Co., supra*).

Similarly, the plaintiff failed to allege a cause of action for negligent infliction of emotional distress. The plaintiff's allegations do not establish that she fell within any recognized orbit of duty upon which liability may be based (*see, Rivera v Wyckoff Hgts. Hosp.*, 184 AD2d 558, 560; *see also, Johnson v State of New York*, 37 NY2d 378, 383; *Johnson v Jamaica Hosp.*, 62 NY2d 523; *Hecht v Kaplan*, 221 AD2d 100, 105).

The plaintiff's remaining contentions are without merit (*see, People v Washington*, 196 AD2d 346, 350, *affd* 86 NY2d 189; *cf., Cuffy v City of New York*, 69 NY2d 255, 261). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.