OPINION OF THE COURT
Philip J. Patti, J.
The claim in this action alleges that while in the custody of the Department of Correctional Services (DOCS) and housed at the Wende Correctional Facility, claimant Alex Torres learned *575 from his wife, Elizabeth Figueroa, that she was informed on December 10, 2002, that claimant was receiving visits from another woman to whom he was not related. Thereafter, claimant’s wife received a copy of her husband’s computer visitation record. The wife identified DOCS employee Olga Ortiz as the person disseminating such information and claimant filed a grievance in this regard. As a result of these disclosures, claimant’s wife ceased conjugal and nonconjugal visits and is now seeking a divorce.
The instant claim alleges that these disclosures of his visitation record constituted violations of his federal and state constitutional rights, constituted one or more statutory violations, and were also in violation of claimant’s right of privacy. As a result, claimant is seeking $160,000 in damages for the intentional infliction of emotional distress.
Defendant now moves for summary judgment dismissing the claim on the grounds that (1) the causes of action are not cognizable, and (2) the claim is untimely.
The first issue before the court is whether or not the claims are cognizable. The Court of Claims is a court of limited jurisdiction. To the extent that the claim alleges violations of the United States Constitution, it must be dismissed. The Court of Claims does not have jurisdiction over federal constitutional tort claims (Will v Michigan Dept. of State Police, 491 US 58 [1989]; Monell v New York City Dept. of Social Servs., 436 US 658 [1978]). To the extent that claimant alleges a state constitutional tort, such only exists where a claimant has no common-law or statutory remedy available to him (Brown v State of New York, 89 NY2d 172 [1996]; Remley v State of New York, 174 Misc 2d 523 [1997]). Since alternative remedies are available here, any implied state constitutional claims must be dismissed.
The disclosure of visitation records by DOCS employees is subject to the provisions of 7 NYCRR 51.1. However, a violation of these provisions does not necessarily provide claimant with a private right of action. Claimant’s allegations “do not support an action for breach of privacy under article 5 of the Civil Rights Law, which provides the exclusive basis for a breach of privacy action” (Crandall v Personal Mtge. Corp., 210 AD2d 981, 982 [1994]). The same holds true for the unauthorized dissemination of computer information. The conduct of Olga Ortiz did violate a rule and, accordingly, disciplinary action was taken against her. However, not every wrong gives rise to a private *576 civil remedy. The unauthorized dissemination of computer information in the instant claim does not give rise to a private cause of action (see Lawrence v State of New York, 180 Misc 2d 337 [1999]). Therefore, as to these causes of action, defendant’s motion is granted.
To the extent that the claim can be read as alleging the intentional infliction of emotional harm, such cause of action is against public policy (Wheeler v State of New York, 104 AD2d 496 [1984]; De Lesline v State of New York, 91 AD2d 785 [1982], lv denied 58 NY2d 610 [1983]). To the extent that the claim can be read as alleging the negligent infliction of emotional harm, no act of negligence is alleged. Accordingly, defendant’s motion as to these causes of action is also granted.
I have already determined that the claimant’s causes of action are not cognizable and should thus be dismissed; it therefore is unnecessary to address defendant’s allegations that the claim is untimely.
Claimant has not opposed defendant’s motion for summary judgment to dismiss or provided the court with assertions of the existence of material issues of fact which require a trial. By defaulting on this motion, claimant does not oppose dismissal of his claim.
For the reasons stated above, defendant’s motion for summary judgment is granted and the claim is dismissed.