# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**971**
**CA 16-00464**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

MELINA CRVELIN, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION OF CITY SCHOOL DISTRICT
OF CITY OF NIAGARA FALLS, RUSSELL PETROZZI,
CARMELETTE ROTELLA, ARTHUR JOCOY, JR.,
CHRISTOPHER H. BROWN, JAMES CANCEMI, KEVIN
DOBBS, ROBERT KAZAENGIN, JR., DON J. KING,
NICHOLAS VILARDO, CYNTHIA A. BIANCO, ANGELO
MASSARO AND PHILIP MOHR, DEFENDANTS-RESPONDENTS.

LAW OFFICES OF JOHN P. BARTOLOMEI & ASSOCIATES, NIAGARA FALLS (MATTHEW
J. BIRD OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HURWITZ & FINE, P.C., BUFFALO (MICHAEL F. PERLEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

-----------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered January
4, 2016. The order and judgment granted defendants' motion for
summary judgment and dismissed plaintiff's complaint.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for,
inter alia, defamation and intentional infliction of emotional
distress. According to plaintiff, defendants engaged in a process to
wrongfully terminate her employment as a teacher in the City of
Niagara Falls School District (District) based upon her alleged
violation of the District's residency policy. During that process,
defendant Board of Education of City School District of City of
Niagara Falls (Board of Education) undertook an investigation and
ultimately passed a resolution concluding that plaintiff had violated
the residency policy and directed that the process to terminate
plaintiff's employment be commenced. Plaintiff commenced a CPLR
article 78 proceeding to challenge that process, but retired before
the District terminated her employment. During the litigation of the
proceeding, defendant Angelo Massaro, legal counsel for the District,
made written statements in a memorandum of law submitted to the court
that, according to plaintiff, were defamatory. Defendants, asserting
various absolute privileges and immunities, moved for summary judgment
seeking dismissal of the complaint in its entirety, and Supreme Court

granted the motion.  We affirm.

Initially, we reject plaintiff's contention that defendants' conduct and potential liability in this civil action is subject to review under the arbitrary and capricious standard applicable to article 78 proceedings.  We conclude that the immunities asserted by defendants in support of their motion are applicable to this civil action regardless of whether defendants pursued an erroneous course of action in enforcing the residency policy that resulted, or may have resulted, in a judgment favorable to plaintiff as petitioner in the article 78 proceeding (*see Lloyd v Town of Wheatfield*, 109 AD2d 1084, 1084, *affd* 67 NY2d 809).

Turning to the merits, we note that it is well settled that government officials are absolutely immune for discretionary acts carried out in the course of official duties and that immunity attaches "however erroneous or wrong [such conduct] may be, or however malicious even the motive which produced it" (*East Riv. Gas-Light Co. v Donnelly*, 93 NY 557, 559; *see Rottkamp v Young*, 21 AD2d 373, 375, *affd* 15 NY2d 831; *Santangelo v State of New York*, 101 AD2d 20, 21; *see also Della Villa v Constantino*, 246 AD2d 867, 868-869).  Moreover, statements made by government officials in the context of a quasi-judicial proceeding such as that at issue here are absolutely privileged and immunize the communicants from liability in a defamation action (*see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365-366).  In addition, it is well settled that public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity (*see Lauer v City of New York*, 240 AD2d 543, 544, *lv denied* 91 NY2d 807; *Wheeler v State of New York*, 104 AD2d 496, 498; *La Belle v County of St. Lawrence*, 85 AD2d 759, 761).  Thus, we conclude that the court properly granted the motion.

Lastly, inasmuch as the alleged defamatory statements made by Massaro were contained in a writing submitted to a court on behalf of respondents in the context of plaintiff's article 78 proceeding, we conclude that they are absolutely privileged (*see Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209; *Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381, 382, *lv denied* 93 NY2d 808).

Entered:  November 18, 2016                    Frances E. Cafarell
                                               Clerk of the Court