Blake v State of New York (2018 NY Slip Op 00051)





Blake v State of New York


2018 NY Slip Op 00051


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524217

[*1]ARTHUR BLAKE, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: November 16, 2017

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.


Arthur Blake, Woodbourne, appellant pro se.
Eric T. Schneiderman, Attorney General, Albany (Zainab A. Chaudhry of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Court of Claims (McCarthy, J.), entered October 18, 2016, which granted defendant's motion to dismiss the claim.
Claimant, an inmate in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS), filed a pro se claim seeking damages for violations of Public Health Law article 13-E, DOCCS's smoke-free policy and the NY Constitution, after he was allegedly exposed to a correction officer using an electronic cigarette on two occasions and correction officers telling inmates that they could smoke in the facility's bathroom on other occasions. Defendant moved to dismiss the claim for failing to state a cause of action. The Court of Claims granted the motion, prompting claimant's appeal.
We affirm. Claimant argues that defendant violated Public Health Law article 13-E by permitting indoor smoking in public areas. Noncompliance with that article triggers civil penalties (see Public Health Law § 1399-v), but a statute explicitly provides that noncompliance does not give rise to any other legal liability or a private cause of action (see Public Health Law § 1399-w; Matter of Alamin v New York State Dept. of Correctional Servs., 241 AD2d 586, 587 [1997]). Similarly, an agency's failure to follow its own internal policy, such as DOCCS's smoke-free policy, does not give rise to a private cause of action (see Torres v State of New York, 13 Misc 3d 574, 575-576 [Ct Claims 2006]). Thus, the portions of the claim based on these grounds were properly dismissed.
Finally, although claimant generally asserted that defendant violated his constitutional [*2]rights, the claim failed to specify any particular provision of the NY Constitution that was allegedly violated (see CPLR 3013). In any event, a constitutional tort claim will be available only in narrow circumstances, and "no such claim will lie where the claimant has an adequate remedy in an alternate forum" (Shelton v New York State Liq. Auth., 61 AD3d 1145, 1150 [2009]; see Martinez v City of Schenectady, 97 NY2d 78, 83-84 [2001]; Bullard v State of New York, 307 AD2d 676, 678 [2003]). Here, claimant could have pursued an administrative grievance (see 7 NYCRR part 701) or a federal action pursuant to 42 USC § 1983. As no constitutional tort was permissible in these circumstances, the Court of Claims properly dismissed the claim in its entirety.
Lynch, Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, without costs.