Shahid v City of New York (2022 NY Slip Op 05345)

Shahid v City of New York

2022 NY Slip Op 05345

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-05803
 (Index No. 12413/15)

[*1]Abdus Shahid, appellant, 
v
City of New York, respondent.

Abdus Shahid, Brooklyn, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jane L. Gordon, Ellen Ravitch, and Chloe Moon of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated April 12, 2019. The order granted that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the City of New York to recover damages for intentional infliction of emotional distress based on allegations that the New York City Department of Finance, the New York City Department of Environmental Protection, and the New York City Department of Housing Preservation and Development improperly sent him a foreclosure notice with respect to a building he owned in Brooklyn (hereinafter the property) demanding payment for unpaid taxes, and unpaid water and repair bills for which he was not responsible because these expenses were the responsibility of a court-appointed administrator, who managed the property. The defendant moved, inter alia, in effect, for summary judgment dismissing the complaint. In an order dated April 12, 2019, the Supreme Court granted that branch of the defendant's motion. The plaintiff appeals.
General Municipal Law § 50-e requires that a notice of claim sworn to by or on behalf of the claimant be served within 90 days after a tort claim arises against a municipality (see id. at § 50-e[1][a]; [2]). Service of a notice of claim is a condition precedent to commencement of a tort claim against a municipality (see Heslin v County of Greene, 14 NY3d 67, 73-74; Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61). Further, "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544; see Matter of Gottlieb v City of New York, 129 AD3d 724, 727; Shahid v City of New York, 144 AD3d 1127, 1129).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence that the notice of claim that was the basis of this action was not properly verified. Further, the complaint only sets forth causes of action alleging intentional infliction of emotional distress against the defendant, a governmental entity. In opposition, the [*2]plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court