Shahid v City of New York (2024 NY Slip Op 04994)

Shahid v City of New York

2024 NY Slip Op 04994

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-03483
 (Index No. 5/22)

[*1]Abdus Shahid, appellant, 
v
City of New York, respondent.

Abdus Shahid, Brooklyn, NY, appellant pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Josh Liebman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for discrimination based upon race and/or national origin and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated January 9, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and to enjoin the plaintiff from commencing further lawsuits concerning unpaid bills related to the subject property issued by the defendant or the New York City Department of Housing Preservation and Development without leave of court.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the City of New York to recover damages for discrimination based upon race and/or national origin and intentional infliction of emotional distress. The plaintiff alleged that he is the owner of a building and was sent fabricated repair bills totaling $597,898 and demands that he pay real estate taxes of $38,698.86, which were the responsibility of a court-appointed administrator who managed the building. The City moved pursuant to CPLR 3211(a) to dismiss the complaint and to enjoin the plaintiff from commencing further lawsuits concerning unpaid bills related to the building issued by the City or the New York City Department of Housing Preservation and Development (hereinafter HPD) without leave of court. The Supreme Court granted the motion. The plaintiff appeals.
The plaintiff's conclusory assertions that the City discriminated against him based upon race and/or national origin were unsupported by sufficient factual allegations to state a cause of action (see Kamen v Berkeley Coop. Towers Section II Corp., 98 AD3d 1086, 1087; Goldin v Engineers Country Club, 54 AD3d 658). Further, "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544; see Shahid v City of New York, 208 AD3d 1380; Matter of Gottlieb v City of New York, 129 AD3d 724, 727). Accordingly, the Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
In addition, the Supreme Court providently exercised its discretion in granting that branch of the City's motion which was to enjoin the plaintiff from commencing further lawsuits [*2]concerning unpaid bills related to the building issued by the City or HPD without leave of court. "While public policy generally mandates free access to the courts, 'a party may forfeit that right if she or he abuses the judicial process by engaging in meritless litigation motivated by spite or ill will'" (Panagoulopoulos v Carlos Ortiz Jr. MD, P.C., 194 AD3d 728, 730, quoting Matter of Pavic v Djokic, 152 AD3d 696, 697). Here, the record reflects that the plaintiff abused the judicial process through vexatious litigation with no legal merit (see id. at 729-730; Shahid v Ridgewood Bushwick Senior Citizens Council, Inc., 181 AD3d 744; Breytman v Pinnacle Group, 110 AD3d 754, 755).
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court