Shahid v City of New York (2024 NY Slip Op 04993)

Shahid v City of New York

2024 NY Slip Op 04993

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-03482
 (Index No. 2664/19)

[*1]Abdus Shahid, appellant, 
v
City of New York, respondent.

Abdus Shahid, Brooklyn, NY, appellant pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jamison Davies and MacKenzie Fillow of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated January 9, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the City of New York to recover damages for intentional infliction of emotional distress. The plaintiff alleged that the City engaged in "outrageous wrongful acts [that] are so outrageous as to [be] atrocious and utterly intolerable in civilized society" by sending him a foreclosure notice with respect to a building he owned indicating that he owed $51,562.64 in repair bills, real estate taxes, water bills, and property-related charges, that these expenses were fabricated, and, in any event, that these expenses were the responsibility of a court-appointed administrator who managed the building. The City moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion. The plaintiff appeals.
"[P]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544; see Shahid v City of New York, 208 AD3d 1380; Matter of Gottlieb v City of New York, 129 AD3d 724, 727).
Accordingly, the Supreme Court properly granted the City's motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court