Shahid v City of New York (2024 NY Slip Op 04992)

Shahid v City of New York

2024 NY Slip Op 04992

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-03480
 (Index No. 1786/19)

[*1]Abdus Shahid, appellant, 
v
City of New York, et al., respondents.

Abdus Shahid, Brooklyn, NY, appellant pro se.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Susan Paulson and Josh Liebman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for discrimination based upon race and/or national origin, intentional infliction of emotional distress, and injury to property, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated January 9, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, City of New York and William Muniz, a City attorney, to recover damages for discrimination based upon race and/or national original, intentional infliction of emotional distress, and injury to his building. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated January 9, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The plaintiff failed to serve an adequate notice of claim with respect to alleged damages to his building (see Curry v Town of Oyster Bay, 216 AD3d 617). The notice of claim was limited to the plaintiff's allegation that the defendants sent him false and fabricated reports of violations and repair bills concerning the building. "[C]auses of action or legal theories may not be raised in the complaint that were not directly or indirectly mentioned in the notice of claim and that change the nature of the claim or assert a new one" (Washington v City of New York, 190 AD3d 1009, 1011; see Mazzilli v City of New York, 154 AD2d 355, 357).
Further, the Supreme Court properly granted dismissal of the cause of action sounding in intentional infliction of emotional distress. "[P]ublic policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (Lauer v City of New York, 240 AD2d 543, 544; see Shahid v City of New York, 208 AD3d 1380; Matter of Gottlieb v City of New York, 129 AD3d 724, 727).
Moreover, the plaintiff's allegations of discrimination based upon race and/or national origin were conclusory in nature and were insufficient to state a cause of action (see Kamen v Berkeley Coop. Towers Section II Corp., 98 AD3d 1086, 1087; Goldin v Engineers Country Club, 54 AD3d 658).
The plaintiff's remaining contentions need not be addressed in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court