OPINION OF THE COURT
Irving Fudeman, J.
Shortly after November 9, 1984, the defendant, Jorge M. Pardo, M.D. (Pardo), received a letter from attorney, James J. Moran (Moran), wherein he stated that he represented Phillip J. Rea (Rea), a former patient of Pardo, and requested that Pardo provide him with copies of Rea’s medical records. Enclosed with the letter was an authorization to receive such records which was executed by Rea a few days before. Pardo did not send the records nor did he respond in any way to the attorney’s letter. Rather, he contacted his medical malpractice liability insurer, the defendant, Medical Liability Mutual Insurance Company (MLMIC), and informed it of the letter and authorization he had received from Moran. Thereupon MLMIC told Pardo to send it the records regarding Rea, which he did. It was not until February of 1985 that Moran received Rea’s records from Pardo. In June of 1985, Rea and his wife commenced an action against Pardo based upon Pardo’s alleged malpractice. Shortly thereafter Rea died. The within action was commenced in October of 1985, by Rea’s widow, as executrix of his estate. Presently, the defendants herein each bring motions to dismiss the complaint or in the alternative for summary judgment.
Based upon the undisputed facts and circumstances of this case and upon the applicable law (MacDonald v Clinger, 84 AD2d 482; Fedell v Wierzbieniec, 127 Misc 2d 124, affd 116 AD2d 990), it appears that the plaintiff has sufficiently alleged a cause of action against Pardo based upon breach of confidentiality and has sufficiently alleged a cause of action against MLMIC based upon its wrongfully inducing Pardo’s breach of confidentiality. All other alleged causes of action must be dismissed. Further, it appears that there are no triable issues of fact, except as to damages, as to the causes of action not hereby dismissed. Therefore, partial summary judgment thereon is accordingly granted as to liability, in favor of the plaintiff and against the defendants (CPLR 3212 [b]).
Authorizing disclosure of his medical records to Moran was in no way a waiver by Rea of confidentiality, as the defen *518 dants contend. Moran did not receive the records until approximately three months after Pardo had sent them to MLMIC. However, even if he had received them before they were turned over to the doctor’s insurer, neither the delivery of the records to the attorney nor the execution of the authorization constituted a waiver of confidentiality. There would be a waiver when a patient voluntarily testifies as to the confidential matters at a public trial. There even could be a waiver when a patient voluntarily discloses such matters to a third person. Clearly, however, there can be no waiver when that third person is the patient’s attorney who is duty bound not to reveal the contents of the disclosure.
Nor was Pardo’s breach of confidentiality justified. Although there was no provision in the MLMIC policy issued to Pardo which expressly required Pardo to turn over his patient’s medical records, the defendants argue, that by implication, at least, the "notice” and "cooperation” clauses of the policy obligated Pardo to comply with MLMIC’s request for the records, and that he was therefore justified in doing so. This argument is not persuasive. MLMIC could not legally require Pardo to turn over such records in violation of his duty to his patient to keep them confidential, any more than it could have required Pardo to commit some other unethical or illegal act.
The defendants also claim that Pardo was justified because it was obvious Rea was going to sue him and Pardo’s disclosure of the records to his insurer was necessary for his defense. The court cannot agree. In the climate of paranoia which prevails today, many physicians picture the malpractice suit as a "boogey man”, lurking under every bed and behind every door. Therefore, the disclosure of a patient’s confidential medical records to a doctor’s insurer should not be permitted solely because the doctor believes that the patient might commence a malpractice suit. At the very least, before such disclosure should be permitted, the physician should have a reasonable belief, based upon fact and not mere speculation, that the patient is going to sue him. Pardo had received a letter from Rea’s attorney requesting his client’s medical records. Based upon the papers submitted herein, Pardo had no other reason to anticipate a malpractice suit. Therefore, his conclusion that he would be sued, although ultimately proved to be correct, was only conjecture at the time he gave his patient’s records to his insurer.
Without a doubt, Pardo committed a breach of confidential *519 ity and MLMIC wrongfully induced that breach. The motion of the defendant, Pardo, is denied as to the first cause of action against Pardo based upon breach of confidentiality and the plaintiff is granted summary judgment thereon, except as to damages. The motion of the defendant, MLMIC, is denied as to that portion of the first cause of action against MLMIC based upon its wrongfully inducing Pardo’s breach of confidentiality and the plaintiff is granted summary judgment thereon, except as to damages. The defendants’ motions are otherwise granted as to all other alleged causes of action.