■ WILLIAM HAWKSBY, Appellant, v NEW YORK HOSPITAL et al., Respondents.—Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on December 30, 1988, which, *inter alia,* denied plaintiff's motion to amend the complaint to include additional party defendants and to depose Dr. Barry Salzman, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of directing that Dr. Barry Salzman be deposed and otherwise affirmed, without costs or disbursements.

Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on March 9, 1989, which, *inter alia,* directed plaintiff to provide defendants with information concerning plaintiff's handwriting-typewriting expert pursuant to CPLR 3101 (d) (1) and authorized defendants to depose said expert, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of vacating defendants' right to such a deposition, and otherwise affirmed, without costs and disbursements.

Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on July 17, 1989, which denied plaintiff's motion for production of typewriter exemplars from the office of Dr. Anthony Antonacci and for a further deposition of said physician, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of directing defendants to supply plaintiff with typewritten exemplars of the text of the July 11, 1984 operative report produced on Dr. Antonacci's office typewriters, and otherwise affirmed, without costs or disbursements.

This medical malpractice action, which was commenced in January of 1987, arises out of two surgical procedures performed on plaintiff at defendant New York Hospital in June and July of 1984 while he was under the private care of defendant Dr. Neil Bander. Plaintiff now asserts that he first learned of the involvement of Dr. Anthony Antonacci in the

second operation during the course of the latter's deposition in September of 1988. Accordingly, he now seeks, in part, leave to amend the complaint in order to add him as a party defendant. In that regard, it is urged that in the midst of the second procedure, when he was unconscious, Dr. Bander called for assistance from general surgery and that Dr. Antonacci, who had never previously treated plaintiff, responded and negligently performed a portion of the operation. Plaintiff contends that he did not know about Dr. Antonacci's role until after the period of limitations had expired. In denying permission to amend, the Supreme Court concluded that there was no indication that Dr. Bander was vicariously liable for the alleged negligence of Dr. Antonacci and that, even assuming the existence of such vicarious liability, the amendment was unnecessary since Dr. Bander was already before the court as a party defendant.

An examination of the papers herein demonstrates that plaintiff has failed to satisfy all three of the prongs of the test set forth in *Brock v Bua* (83 AD2d 61), which describes the circumstances under which an otherwise untimely claim may be raised against a new, additional party on the basis of a prior timely service upon the original defendants. Indeed, it appears that, notwithstanding plaintiff's claim to the contrary, he was fully aware of Dr. Antonacci's participation in the second operation before he ever instituted the instant action and certainly prior to the September 1988 deposition. Thus, the omission of Dr. Antonacci was not attributable to plaintiff's excusable mistake, and, consequently, it would be unfair to compel him to begin to prepare a defense at this late date. However, the Supreme Court should have allowed plaintiff to depose Dr. Barry Salzman as he took part in both surgical procedures, clearly possesses significant knowledge with respect to the underlying facts of the purported malpractice and will testify at trial as defendants' witness. In addition, plaintiff requested his examination within 19 months of the commencement of the action and only one month after the deposition of Dr. Bander.

Plaintiff's allegations regarding Dr. Antonacci's role in the second procedure led him to retain a handwriting-typewriting expert to analyze the doctor's operative report of July 11, 1984, which, it is claimed, may have been recently fabricated. In connection with this endeavor, plaintiff demanded to be furnished with verbatim typewritten exemplars of the 1984 report produced on the typewriters in Dr. Antonacci's office, as well as typewritten material previously generated in his office

in the intervening years. The Supreme Court granted plaintiff access to typewritten exemplars consisting of a sample of each and every character, in both upper and lower case, on Dr. Antonacci's machines and also typewritten material produced in 1984, but declined as unduly burdensome to direct defendants to supply exemplars of a retyped operative report which plaintiff contends is essential for a proper comparative analysis. Although we are reluctant to disturb the discretion of the court on discovery matters, there does not appear to be any reason for denying plaintiff access to this material where exemplars of the report might be useful to plaintiff and, moreover, providing this item would not seem to impose much difficulty upon defendants or their attorneys.

Finally, while the court initially directed plaintiff to furnish defendants with the report of his handwriting-typewriting expert upon the preparation thereof, the Judge subsequently recognized that such disclosure was not mandated pursuant to CPLR 3101 (d) (1) (i). Nonetheless, notwithstanding the fact that the court amended its prior order in this regard, it also authorized defendants to depose plaintiff's expert. However, in the absence of any showing by defendants of special circumstances, as required by CPLR 3101 (d) (1) (iii), it was error for the court to allow the deposition. We have considered plaintiff's remaining arguments and find them to be lacking in merit. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.