OPINION OF THE COURT
Donald J. Corbett, Jr., J.
This is a motion for permission to file a late claim pursuant *157 to Court of Claims Act § 10 (6). This motion raises provocative issues which may ultimately reverberate within the State’s correctional facilities. For this reason, and because claimant should not be deprived of the opportunity to pursue a claim which, at this early pleading stage, meets the parameters of a valid and viable cause of action, he will be allowed to proceed.
The gist of the proposed claim involves purported violations of article 27-F of the Public Health Law (entitled HIV and AIDS Related Information, §§ 2780-2787), alleging, inter alla, unauthorized access to medical records and disclosure of claimant’s affliction with the AIDS virus. Inasmuch as the underlying causes of action deal with confidentiality and AIDS, I granted claimant’s separate motion (M-41642) to proceed with anonymity.
The instant motion raises two issues of particular interest. The parties focused in great depth upon the legislative intent in passing article 27-F, specifically whether a private cause of action by aggrieved individuals was contemplated and thus whether the proposed claim is meritorious. The second issue revolves around the alleged improper access to records and disclosure of claimant’s affliction with AIDS by correction officers at a time or times prior to the effective date of article 27-F on February 1, 1989 (L 1988, ch 584, § 6). This complicating factor clouds the issue, inasmuch as it appears the claimant grieved alleged breaches of his purported right to confidentiality as an AIDS victim in September 1988. Claimant, at all relevant times herein, was an inmate incarcerated at the Attica Correctional Facility and thus initially suffered some damages complained of at a time prior to the statutory creation of his purported private causes of action.
I find this circumstance to be troublesome, and I project difficulties in proof since it appears that claimant’s affliction was already known within the confines of Attica prior to the effective date of the statute. Although there may be great difficulty in proving or assessing damages on any of the proposed causes of action, I find the appearance of meritoriousness in the claim, as the claimant here need do no more than present a claim which is not patently groundless, frivolous or legally defective, and, subject to proof thereof, appears valid (Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11). This he has done at a minimum by alleging violations of article 27-F of the Public Health Law after its effective date which, if true and proven, would comport with Governor Cuomo’s statements when he noted that the law *158 requires that HIV-related information be kept confidential and permits disclosure only in narrowly defined need-to-know circumstances (mem of State Executive Dept, 1988 McKinney’s Session Laws of NY, ch 584, at 2284-2285 [Sept. 1, 1988]). With respect to the question of the existence of private causes of action pursuant to article 27-F, claimant included the letter attached to the Bill Jacket from a sponsor of the bill, Assemblyman Gottfried, Chairman of the Assembly Committee on Health, to the Governor’s counsel, commenting that: "[i]t is important to note the legislative intent as to remedies for violations of this legislation. Any person aggrieved by a violation of this legislation would be able to take advantage of the full range of civil remedies available under existing statutory and case law. The enumeration of specific penalties in the bill is not intended to diminish or preclude any cause of action or remedy.” It was similarly noted by Senator Ohrenstein, Minority Leader in the State Senate, who sponsored the bill in the Senate, in a letter urging the Governor’s signature, that the provisions of the bill clearly indicate an intent to guarantee the prívate right of action for any who feel their rights have been violated under the act.
These articulations of legislative intent, coupled with the Governor’s memorandum, persuade me that private rights of action were contemplated and that permission to file this claim should be granted. Applying the tests set forth in Sheehy v Big Flats Community Day (73 NY2d 629) and Burns Jackson Miller Summit & Spitzer v Lindner (59 NY2d 314), I find this claimant qualifies as one of the class for whose benefit article 27-F was enacted, that recognition of his right to pursue this action would promote the legislative purpose of confidentiality, particularly as articulated by the legislative sponsors and the Governor, and, in further harmony therewith, this right is consistent with the statutory scheme given the reference to section 12 of the Public Health Law in section 2783 (1) (b). Senator Ohrenstein cited these provisions in support of the bill’s intention to guarantee a private right of action, and Assemblyman Gottfried suggested that any person aggrieved could take full advantage of the full range of civil remedies available. The judicial test of a private right of action is thus satisfied.
The defendant also asserts that it is not a person subject to the statute inasmuch as Public Health Law § 2780 (11) only includes "state or local government agencfies]”. The legislative intent in enacting 1988 NY Assembly Bill A 9765-A/Senate *159 Bill S 9265-a, which resulted in article 27-F of the Public Health Law, is discussed in exhibit A as follows: "I also would like to clarify the intent of this legislation with regard to the disclosure of HIV-related information within government agencies, particularly correctional facilities. While disclosure of HIV-related information in correctional facilities is permitted in this legislation, it is to be on a selective basis, pursuant to regulations. Blanket disclosure of such information to correctional facility personnel (guards, attendants, maintenance personnel, etc.) is not contemplated. Beyond disclosure of HIV-related information to medical personnel, it is the intent of this legislation to only allow disclosures of such information within correctional facilities to those employees who normally have access to such medical information in the course of carrying out their work-related responsibilities. Broader provisions were considered and rejected.” The State of New York is therefore subject to the provisions of article 27-F for purposes of this court’s jurisdiction.
However, I will not allow the purported common-law cause of action for the unauthorized disclosure of confidential medical information. The validity of that cause of action is more questionable absent an articulated doctor-patient confidential relationship. Claimant has failed to persuade that such a cause of action exists, be it for breach of privacy or of confidentiality, absent allegations of a physician’s culpable conduct in the purported improper access to medical records or disclosure thereof (see, Doe v Roe, 93 Misc 2d 201; MacDonald v Clinger, 84 AD2d 482). Claimant’s reliance on Rea v Pardo (133 Misc 2d 516) for the proposition that parties other than physicians may be liable is misplaced, as the Fourth Department reversed Rea v Pardo (132 AD2d 442), and found the disclosure to the physician’s malpractice insurance carrier to be justified. The private cause of action here under article 27-F provides an adequate remedy for the claimant without extrapolating a common-law cause of action for the breach of a fiduciary duty of confidentiality where such duty appears to exist only between a doctor and a patient, and where no such allegation has been made.
In order to provide a more complete record in the event of appellate review, I will address the late claim application in its entirety. The moving papers allege that the claim herein accrued in September 1988, when claimant submitted an inmate grievance regarding improper access to his medical file by Correction Officer Olsen. This grievance was denied on *160 October 20, 1988. Thereafter, on May 23, 1989, claimant complained in writing to the Superintendent at Attica about AIDS-related remarks and harassment by correction staff at Attica. On June 16, 1989, a second inmate grievance complaint was filed regarding harassment and improper disclosure of HIV and AIDS information by correction staff. This grievance was denied on July 14, 1989. On July 20, 1989, in response to a June 30, 1989, letter from claimant, Commissioner of Correctional Services Coughlin advised claimant to utilize the inmate grievance procedure regarding the treatment complained of.
I have carefully reviewed the proposed claim. It contains four claims, each alleging violations of claimant’s rights under article 27-F of the Public Health Law:
First Claim — Alleges that Correction Officers Leford, Kowalewski, Franklyn and another individual improperly obtained access to and read information from claimant’s medical files, violating article 27-F;
Second Claim — Alleges that Correction Officers Kowalewski, Franklyn, and another individual, violated article 27-F which specifically prohibits unnecessary disclosure of HIV-related information and the common law of New York which prohibits unauthorized disclosure of confidential medical information;
Third Claim — By permitting unauthorized access to claimant’s medical records, Commissioner Coughlin, Superintendent Kelly, Deputy Superintendent Walker and Sergeant Chandler violated claimant’s article 27-F rights; and
Fourth Claim — By permitting unauthorized disclosure of claimant’s medical condition and failing to protect claimant from harassment, Coughlin, Kelly, Walker and Chandler violated article 27-F of the Public Health Law.
Thus, it can be seen that the four claims each allege a cause of action stemming solely from alleged violations of article 27-F of the Public Health Law. Only in the latter part of the second proposed claim is a common-law tort alleged, and as noted above, that cause of action cannot stand. I will thus address the alleged statutory causes of action. Claimant seeks damages pursuant to Public Health Law § 2783 (1) (b) of $25,000 for each of three improper disclosures, despite the statutory limitation authorizing a civil penalty of no more than $5,000 per occurrence, recoverable in the same manner as provided in section 12 of the Public Health Law. In light of *161 my decision here permitting the filing of the proposed claim, I leave to later motion practice the resolution of the apparent discrepancy in the amount sought and the limits suggested by the statute. Claimant has suggested in his brief that he will, if requested, submit an amended claim to overcome the monetary limits enunciated in section 2783 (1) (b). Indeed, he may wish to do so, upon motion pursuant to CPLR 3025, or by necessity in response to the defendant’s motion(s).
Claimant also seeks $50,000 for severe emotional distress and other emotional consequences and $100,000 for the deterioration in and injury to his physical condition, due to the alleged acts committed by the defendant. Contrary to defendant’s assertions, I do not read the proposed claim as seeking damages for the intentional infliction of emotional harm, but rather alleging the same as elements of damages sustained in the purported statutory causes of action. To the extent that the proposed claim may be read as asserting a separate cause of action for the intentional infliction of emotional harm or distress, it is not permitted as violative of public policy (De Lesline v State of New York, 91 AD2d 785; Wheeler v State of New York, 104 AD2d 496).
As an excuse for failing to timely file, claimant offers numerous factors, including his ignorance of article 27-F, an excuse in any event which is not relevant for the purported common-law cause of action. Much of the discussion of excuse relates to claimant’s counsel’s research into the legal remedies, proper jurisdiction and forum between Federal and State courts, and a desire not to possibly upset a then impending transfer from Attica to another facility closer to claimant’s family. Most of these excuses cover periods after the expiration of 90 days from accrual of the claim herein, and thus pertain to prejudice in the late filing, but not to the excuse for failing to file within 90 days. Thus, claimant’s excuse, reduced to its essence, is ignorance of the law, and that is not acceptable. Claimant proffers other excuses, including his consideration whether the claims sought hereunder should have been added to a preexisting 42 USC § 1983 action filed by the claimant pro se, but the essence of these are nothing more than ignorance of the law. Of course, it is not necessary that claimant satisfy all six statutory considerations in order to have his motion granted (Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys., 55 NY2d 979).
Defendant alleges that there is substantial prejudice to it in the preparation of its defense because there are alleged to *162 have been disclosures prior to the effective date of the statute and thus the defense will be extremely muddled by the preexisting knowledge of staff and inmates. While the defendant raises a valid concern, the alleged prejudice exists because certain complained-of events took place before enactment of the statute, and some after. However, the prejudice that accrues does not appear attributable to the tardiness of filing, but occurs as a result of events preceding the statutory enactment, and is not exacerbated because of the late filing. In any event, whatever prejudice may exist is not substantial, and this factor therefore accrues to claimant’s benefit.
With respect to notice of the essential facts constituting the claim, claimant has provided copies of a grievance dated October 3, 1988, and the response thereto dated October 20, 1988, in his supplementary affidavit. This of course precedes the effective date of article 27-F, although it is additionally asserted, albeit on information and belief, that the defendant was put on notice thereafter by the claimant, orally and in writing, of the underlying facts. Claimant notes a second grievance filed on June 16, 1989, the response thereto dated July 14, 1989, a June 30, 1989 letter to Commissioner Coughlin, and a July 20, 1989, response thereto. Given the purported and suggested notice, this factor favors claimant. Similarly, therefore, the defendant was given the opportunity to investigate.
The defendant suggests an available alternative remedy in the 42 USC § 1983 action filed pro se by claimant. Since no copy of those pleadings is before me, nor is any specific reference on firsthand knowledge made, this cannot form the basis of a viable alternative remedy. The defendant raised an interesting question whether the true remedy lay in an action against the correction officers who it is alleged improperly obtained access to claimant’s medical records and then improperly disclosed them. The defendant suggests that the State should not be held liable for the allegedly tortious conduct of State employees, acting beyond the scope of their employment, thereby bringing this claim outside the parameters of Correction Law §24. If indeed the correction officers acted outside the scope of their employment in the discharge of their duties in the instant claim, then the defendant will have to seek dismissal of this claim on that basis and be put to the proof thereof. Although the defendant alleges ignorance of the allegations in the pro se section 1983 action initiated by claimant, it appears that Public Officers Law § 17 would *163 initially apply to that action, making the defendant privy to the allegations therein. Regardless, no available alternative remedy is apparent to me, and this factor benefits claimant.
Accordingly, upon review of the proposed claim, and after weighing the relevant statutory factors, I deem it a provident exercise of my discretion to allow the claim, albeit without the alleged common-law tort, to be filed and served within 30 days of service of a file-stamped order herein, in accordance with Court of Claims Act § 11, and the rules of the court.