OPINION OF THE COURT
Donald N. Silverman, J.
In this negligence and medical malpractice action it is alleged that the infant plaintiff, who suffers from hemophilia, sustained an injury to the head at school, which was not properly diagnosed and treated, and as a result he now suffers from injuries which are permanent in nature.
Counsel for the physician defendant received from plaintiff, in the usual course of discovery, authorizations for release of medical records. Defense counsel has represented that upon examination of those records it was learned that the infant had tested positive for the HIV virus. Plaintiff’s counsel, the court would note, claimed to be surprised by this sad revelation.
The physician defendant, in a supplemental response to plaintiff’s demand for expert information, provided notice that a hematologist would be called to testify at trial that there was no malpractice, that the life expectancy of an infant who is HIV positive is limited, and that the HIV infection most likely occurred prior to the events complained of in this action.
As a result of the foregoing, plaintiff has moved for an order compelling disclosure of the name and address of the hemotologist at issue, his examination before trial, his report, and records evidencing a diagnosis of HIV positive.
The physician defendant has cross-moved for a determination in limine that Public Health Law § 2780 et seq. does not prohibit disclosure of HIV information regarding the infant in preparation for and at trial of this action, or in the alternative, an order pursuant to Public Health Law § 2785 (2), *1006 permitting disclosure of HIV information relating to the infant in preparation for, or to the jury at, the trial of this action.
In addition to the motions, the parties have submitted reply affirmations.
The issues relating to the disclosure and the use of HIV information are apparently of first impression. Plaintiff contends that disclosure of this information to defendants was illegal and the only meaningful remedy is to prohibit its use at trial.
ADMISSIBILITY OF HIV EVIDENCE
It should be noted at the outset that while defense counsel may have received records in contravention of the Public Health Law, there is no reason to believe that they committed any illegal, improper, or unethical act in obtaining the records. Plaintiff’s argument, at best, is that the hospital violated section 2780 (9) of the Public Health Law, and the defense should not be permitted to benefit from that violation.
Article 27-F of the Public Health Law provides for the confidentiality of HIV and AIDS related information. Sections 2780 (9) and 2782 set forth in very specific terms the circumstances by which this information may be released by a health facility or health care provider. Section 2780 (9) specifically states that a general authorization for release of medical information will not authorize release of confidential HIV information, and only specific reference to the release of HIV information on the authorization will permit its release.
Public Health Law § 2783 (1) (b) provides a civil penalty of up to $5,000 for violation of the disclosure laws contained within section 2782, and under section 2783 (2), criminal liability for willful violation of this section. As plaintiff here acknowledges, there is nothing contained within the article which would otherwise limit any person aggrieved by a violation from taking full advantage of the full range of civil remedies otherwise existing under statutory and case law (see, Matter of V. v State of New York, 150 Misc 2d 156, which provides for an aggrieved prisoner’s private right of action).
It is clear then that with no limit to the remedies available to plaintiff against the hospital, preclusion of the evidence at this trial is not necessary as a matter of public policy to discourage future noncompliance. In fact, the hospital is totally unaffected by any ruling the court may make in this *1007 case, and no ruling here would serve to prevent future abuses. Perhaps just opposite; if the courts look elsewhere to impose penalties, the hospitals may to some extent feel shielded from responsibility.
Plaintiff further argues that notwithstanding any innocent procurement of HIV records, because of their nature, and the strong legislative intent in restricting their use, they should not be admissible at trial. This argument fails, however, because while access to and use of HIV records are highly restricted, their use in civil cases is certainly not prohibited. Taken together, Public Health Law § 2781 (1) and CPLR 3121 allow for disclosure and use of HIV information when the medical condition of a party is at issue.
Under Public Health Law § 2785 (2), a court is authorized to order disclosure where there is a compelling need of the information for the adjudication of a civil or criminal case.
In bringing this action plaintiff has placed into issue not only his past and present medical condition, but seeks also to argue the permanency of his injuries. That anyone, let alone a young boy, has tested HIV positive, is a cause for great sadness. However, suppressing this information from a jury which is charged with judging his medical condition and, if appropriate, placing an award based on life expectancy, would not serve the interests of justice, and would certainly violate defendant’s right to a fair trial. For these reasons defendant’s cross motion is granted.
DISCLOSURE UNDER CPLR 3101 (d)
CPLR 3101 (d) (1) (i) provides for disclosure of the identity of expert witnesses, but specifically exempts this requirement in cases of medical malpractice. The section does mandate, in all cases, disclosure of the subject matter on which the expert is expected to testify, the substance of the facts and opinions on which the expert is expected to testify, the qualifications of the expert, and the grounds for his or her opinion. By service of a "Further Supplemental Response to Expert Information”, dated January 14, 1993, counsel for the defendant physician has complied with this section.
An examination before trial of another party’s expert witness is not available as a matter of right, but may be ordered upon a showing of special circumstances (CPLR 3101 [d] [1] [in]). Plaintiff argues that the illegal disclosure of confidential HIV records constitutes a special circumstance, *1008 and the expert should be required to disclose, through examination, how the records were obtained and what the records are. Counsel for the defendant, however, has set forth how the records were obtained and those records are available to plaintiff. The expert had received the records from counsel and has nothing to offer on this issue. As to the remaining contentions of plaintiff, the court does not find that special circumstances have been established which justify the issuance of an order compelling an examination. In fact, under the circumstances presented, an examination of the expert would be unnecessary and coercive. (See, Spano v Geller, 145 AD2d 623; see also, Hawksby v New York Hosp., 162 AD2d 179.)
With the following exception, plaintiff’s motion shall in all respects be denied. Notwithstanding the fact that plaintiff’s medical records are available to plaintiff’s counsel through their own efforts, defendant shall provide plaintiff with copies of all records in its possession which relate to HIV testing and information.