OPINION OF THE COURT
Francis T. Collins, J.
There being no opposition, and the defendant having established a prima facie entitlement to the requested relief, its motion for an order pursuant to CPLR 3212 granting it summary judgment dismissing the second and sixth causes of action of the claim for lack of merit is granted.
This claim by an inmate was filed on July 17, 1996. In a decision and order dated February 3, 1997, Judge McNamara dismissed all of the causes of action except the second and sixth. By this motion the defendant seeks summary judgment dismissing the remaining causes of action for lack of merit. Claimant did not submit any opposition papers.
The second cause of action asserts that the defendant violated the privacy provision of 42 USC § 290dd-2 (formerly 42 USC § 4582) by allowing portions of records that were compiled when the claimant applied for admission to Park Ridge Chemical Dependency and a hospital blood test referral from St. Mary’s Hospital in Rochester, to be mentioned in his presentence report which was eventually disseminated to the Department of Correctional Services. Apparently, it is claimant’s position that the Federal statute authorizes a claim against the State for money damages in this court. He is in error. Without reaching the issue of whether this court would have jurisdiction if such a claim existed, the first inquiry is whether the Federal statute authorizes a private claim for money damages in any court.
In the case of State v Magnuson (210 Mont 401, 682 P2d 1365), Mr. Magnuson argued before the Supreme Court of Montana that a medical facility receiving Federal assistance violated the confidentiality provision regarding patient records maintained in connection with alcohol abuse treatment programs by providing information concerning his intoxication to the Musselshell County Sheriff’s Department. The remedy Magnuson sought for the alleged violation was suppression of *881 that information at his criminal trial. In rejecting that argument, the court held (210 Mont, at 407-408, 682 P2d, at 1369): "However, when 42 U.S.C.A. Section 4582 is read as a whole, it is clear that the remedy Congress intended for a violation of one of its confidentiality provisions is a fine as provided in 42 U.S.C.A. Section 4582(f). Rules of statutory construction dictate that legislation must be read as a whole in order to ascertain legislative intent. Wynia v. City of Great Falls (1979), 183 Mont. 458, 600 P.2d 802. The fact that a remedy is provided in the legislation indicates that Congress considered the possibility of a violation and determined the appropriate remedy for that violation. If Congress had intended that suppression and dismissal were the appropriate remedies for a violation of a confidentiality it would have so provided."
The court finds the foregoing holding to be persuasive authority and that the current version of the Federal statute, 42 USC § 290dd-2 (f), which provides "Any person who violates any provision of this section or any regulation issued pursuant to this section shall be fined", is the exclusive remedy available for a violation of the confidentiality requirement of 42 USC § 290dd-2.[2] Of course, the State is not subject to a fine in this court (Sharapata v Town of Islip, 56 NY2d 332). Claimant’s only remedy is to seek the imposition of the statutory fine in the appropriate forum.
The sixth cause of action asserts that the Department of Correctional Services ignored claimant’s request for documents made under the Freedom of Information Law[3] (Public Officers Law art 6). Claimant asserts that a violation of FOIL gives rise to a private cause of action in this court to recover money damages. The court disagrees.
Subdivision (4) of section 89 of the Public Officers Law sets forth, the means by which the Legislature intended to enforce FOIL. The subdivision provides that in the event that access to a record is denied the affected person may bring a CPLR article 78 proceeding. The subdivision further provides that if the petitioner prevails, upon an appropriate record, he or she can be awarded reasonable attorney’s fees and litigation costs. *882 Finally, during 1989 the Legislature amended Public Officers Law § 89 by adding subdivision (8) which provides that any person "who, with intent to prevent the public inspection of a record pursuant to this article, wilfully conceals or destroys any such record shall be guilty of a violation” (L 1989, ch 705, § 2). Article 6 of the Public Officers Law does not expressly confer on citizens the right to bring an action for money damages in the event of a violation. That being so, the question becomes whether such a right is implied in the legislation. The case of Carrier v Salvation Army (88 NY2d 298, 302) quotes the following test for whether a private cause of action should be found: " '(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme’ ”.
Here, claimant is clearly within the class of people for whose particular benefit FOIL was created. Moreover, an argument could be made that recognizing a private right of action would promote the legislative purpose of making government records available to the public. However, claimant cannot overcome the third factor, which is the "most critical” (Hoxie’s Painting Co. v Cato-Meridian Cent. School Dist., 76 NY2d 207, 212), in that permitting a private cause of action for money damages for a violation of FOIL would be inconsistent with the carefully crafted remedies set forth therein. While aware that under certain circumstances an inmate has been given the right to sue for money damages in this court due to an unauthorized access to and disclosure of his health information (Matter of V. v State of New York, 150 Misc 2d 156), it is settled law that a private cause of action should not be implied from a statute if such a remedy would be incompatible with the enforcement mechanism chosen by the Legislature, for "the Legislature has both the right and the authority to select the methods to be used in effectuating its goals” (Sheehy v Big Flats Community Day, 73 NY2d 629, 634). Here, the Legislature has given a civil remedy by way of an article 78 proceeding with counsel fees and court costs available, as well as a criminal sanction. To go beyond those remedies to create a private cause of action for money damages for a violation of FOIL would be improper judicial usurpation of the legislative function, a step the court declines to take/

. This holding is in accord with the Third Department decision in Carpenter v City of Plattsburgh (105 AD2d 295, affd 66 NY2d 791), in which the Court rejected a police officer’s contention that he should have a private cause of action for money damages against the City because the City released portions of his personnel records in violation of the confidentiality provision of section 50-a of the Civil Rights Law.

. Hereinafter FOIL.