*939 OPINION OF THE COURT
Marsha L. Steinhardt, J.
The defendant Strong Memorial Hospital, sued herein as Strong Memorial Hospital, University of Rochester, Inc., moves this court seeking an order pursuant to CPLR 3212 granting it summary judgment and dismissing the compliant as to it and such other and further relief as to this court seems just and proper.
Now, upon the foregoing papers and upon hearing oral argument on July 28, 2005 and due deliberation had thereon, the motion is in all respects denied.
The relevant facts are not in dispute for the purposes of this motion. The plaintiff, Angel Melendez, an inmate at the Willard Drug Treatment Campus, presented to Strong Memorial Hospital for an office visit at the infectious disease clinic on March 27, 2002. Accompanied by an unknown correction officer, the plaintiff was evaluated by nurse Jane F. Sassone for the efficacy of his antiretroviral medications. Prior to discussing the plaintiffs HIV status, nurse Sassone requested that the officer exit the examination room at which time he refused. The nurse then began to discuss the plaintiffs medical condition, subsequently disclosing his HIV positive status to the correction officer. The officer then proceeded to disclose said information to other members of the Willard Drug Treatment Campus staff. As a result of this disclosure, the plaintiff has allegedly suffered mentally, physically and emotionally, and the present action ensued.
The defendant asserts that no liability exists because the correction officer was an authorized agent performing the functions and duties of the State Commission of Correction. The court disagrees. The officer was in fact directly employed by the Department of Correctional Services (hereinafter DOCS) and not the State Commission. The main function of the State Commission is to advise and assist in developing policies, plans and programs for the administration of correctional facilities and the delivery of services therein. (Correction Law § 45.) That being the case, DOCS is thereby susceptible to the regulations laid out by the State Commission. This court finds that the correction officer does not qualify as an authorized agent pursuant to 9 NYCRR 7064.8 or article 27-F of the Public Health Law.
Under 9 NYCRR 7064.8 (a) (15), no person who obtains confidential HIV-related information in the course of providing *940 health or social services may disclose or be compelled to disclose such information, except to the following:
“an employee or agent of a provider of health or social services . . . when reasonably necessary to provide supervision, monitoring or administration of services and when these employees or agents have access in the ordinary course of business to records relating to the care, treatment, or provision of a health or social service, and in accordance with such provider’s regulations promulgated in accordance with article 27-F of the Public Health Law. Disclosure to an employee or agent of a local correctional facility . . . shall be authorized only when such disclosure is necessary to:
“(i) enable the chief administrative officer to appropriately maintain custody and supervision of the protected person . . . ; and
“(ii) the medical director reasonably believes that without disclosure circumstances will exist creating a significant risk.”
These elements are conjunctive and therefore must all be proven. In addition, article 27-F, section 2782 (1) (o) provides in pertinent part that disclosure may not be made unless to “an employee or agent of the commission of correction ... to the extent the employee or agent is authorized to access records containing such information in order to carry out the commission’s functions, powers and duties.”
In the case at bar, the court acknowledges the officer’s duty to supervise as outlined in section 52.9 of the DOCS employee rules. That section provides that an employee accompanying inmates out of the institution shall remain with them until they are turned over to another authorized employee. 9 NYCRR 7010.2 states that each facility shall provide the necessary security and supervision during the period of hospitalization and in the course of transportation to and from a medical facility. However, this court is of the opinion that that duty does not in and of itself authorize disclosure of HIV status or related information. To find otherwise would, in the eyes of this court, be contrary to the legislative intent of article 27-F which states that exceptions to the general rule of confidentiality of HIV-related information should be strictly construed. (L 1988, ch 584, § 1.) The intent is further clarified in exhibit A of 1988 NY Senate-Assembly Bill S 9265-a and A 9765-A by stating:
“While disclosure of HIV-related information in cor *941 rectional facilities is permitted in this legislation, it is to be on a selective basis, pursuant to regulations. Blanket disclosure of such information to correctional facility personnel (guards, attendants, maintenance personnel, etc.) is not contemplated. Beyond disclosure of HIV-related information to medical personnel, it is the intent of this legislation to only allow disclosures of such information within correctional facilities to those employees who normally have access to such medical information in tile course of carrying out their work-related responsibilities. Broader provisions were considered and rejected.” (See also Matter of V.v State of New York, 150 Misc 2d 156, 159 [1991].)
The correction officer would also not have access to said records in the ordinary course of his work. (See 7 NYCRR ch II.)
Due to the duty to supervise, the officer was allowed to remain in the examination room and oral disclosure of HIV-related information took place. He was not an authorized agent under the provisions set out in article 27-F. As such, pursuant to section 2782 (5) (a) of article 27-F, the disclosure should have been accompanied or followed by a statement in writing, within 10 days, that includes the following:
“This information has been disclosed to you from confidential records which are protected by state law. State law prohibits you from making any further disclosure of this information without the specific written consent of the person to whom it pertains, or as otherwise permitted by law. Any unauthorized further disclosure in violation of state law may result in a fine or jail sentence or both. A general authorization for the release of medical or other information is NOT sufficient for further disclosure.” (See also 7 NYCRR 7.5 [h].)
No such statement has yet been furnished to the court.
The defendant also contends that no liability exists due to the unforeseeability that the correction officer would disclose the plaintiff’s HIV status to other members of the Willard Drug Treatment Campus staff. It is the opinion of the court that it is, in fact, foreseeable that the HIV status of the plaintiff would continue to be disseminated once released in the presence of a third party.
For the aforementioned reasons, defendant’s motion for summary judgment is hereby denied.